IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARYL SHIZUN SAKUGAWA, individually and on behalf of all those similarly situated in the State of Hawaii and throughout the United States of America,<br><br>        Plaintiff,<br>  vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation; and DOES 1-30,<br><br>        Defendants. | Civ. No. 10-00028 JMS-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S
<u>BILL OF COSTS</u>

Before the Court is Defendant Mortgage Electronic Registration Systems, Inc.'s ("Defendant") Bill of Costs, filed on March 10, 2011, which seeks $2,343.95 in costs. (Doc. 69.) Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing. After reviewing the parties' submissions and relevant legal authority, the Court FINDS and

RECOMMENDS that Defendant's Bill of Costs be GRANTED.  Specifically, the Court RECOMMENDS that $2,343.95 in costs be taxed in favor of Defendant and against Plaintiff Daryl Shizun Sakugawa ("Plaintiff").

BACKGROUND

The parties are familiar with the facts of this case.  The Court therefore repeats only those facts that are relevant to the disposition of the instant matter.  This case arises from a mortgage transaction and subsequent pursuit of nonjudicial foreclosure concerning real property ("property").  (Doc. 66 at 1-2.)  In June 2005, Plaintiff sought to refinance his loan for the property with First Magnus Financial Corporation ("First Magnus").  (Id. at 2.)  To that end, Plaintiff executed a note and mortgage with First Magnus, which named Defendant as nominee for First Magnus.  (Id. at 3.)  Plaintiff later received notice that his loan had been transferred from First Magnus to Aurora, and Plaintiff made his monthly mortgage payments to Aurora until October 2, 2008.  (Id. at 4.)  Plaintiff failed to make payments after October 2, 2008, and he was notified that he was in default on the loan.  (Id.)

On August 10, 2009, Plaintiff received a "Notice of Mortagee's Intention to Foreclose Under Power of Sale" ("Notice of Foreclosure").  (Id.)  The Notice of Foreclosure provided that Defendant, solely as nominee for Aurora,

would hold a sale of Plaintiff's property by public auction on September 11, 2009. (Id.) Despite the Notice of Foreclosure, Plaintiff retained possession of and title to the property, and Defendant did not attempt to sell the property. (Id. at 5.) Rather, on August 24, 2010, Aurora rescinded the Notice of Foreclosure, and otherwise ceased to pursue a nonjudicial foreclosure against Plaintiff. (Id.) Instead, Aurora initiated judicial foreclosure proceedings in the First Circuit Court of the State of Hawaii ("state court"). (Id.)

On September 11, 2009, Plaintiff filed a complaint against Defendant in state court. (See Doc. 1-2.) In his complaint, Plaintiff sought declaratory relief alleging that Defendant, acting as nominee, engaged in (1) unfair and deceptive acts and practices, and (2) fraud and deceit during the consummation of the loan transaction. (Id. at 5-8.) In addition, Plaintiff requested injunctive relief and punitive damages based on Defendant's subsequent pursuit of nonjudicial foreclosure. (Id.) Defendant removed the case to federal district court on January 14, 2010. (Doc. 1.)

On November 24, 2010, Defendant moved for summary judgment. (Doc. 44.) In its motion for summary judgment ("MSJ"), Defendant argued that, among other things: (1) Plaintiff's claims against Defendant based on any misconduct in the consummation of the mortgage transaction fail because

Defendant was not involved in the mortgage transaction itself; and (2) Plaintiff's claims against Defendant based on any misconduct in seeking nonjudicial foreclosure fail because the nonjudicial foreclosure procedure was terminated such that Plaintiff sustained no damages and any request for equitable relief is moot. (See Doc. 44-1.)

District Judge J. Michael Seabright held a hearing on Defendant's MSJ, and on February 25, 2011, he issued an order granting the MSJ ("order"). (See Doc. 66.) As to Plaintiff's allegations regarding misconduct in the consummation of the loan transaction, Judge Seabright stated that "there is no basis to find that [Defendant] committed any fraudulent, unfair, or deceptive acts regarding the loan consummation." (Id. at 9.) As to Plaintiff's allegations of misconduct by Defendant in pursuing nonjudicial foreclosure, Judge Seabright concluded that Plaintiff could not prove that he suffered any damages as a result of the Notice of Foreclosure, and the rescission of the Notice of Foreclosure moots any request for equitable relief. (Id. at 11-15.) Judgment was entered in favor of Defendant later that day. (Doc. 67.)

On March 10, 2011, Defendant filed its Bill of Costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.2. (Doc. 69.) Plaintiff filed his Objections to Defendant's Bill of Costs on

March 17, 2011.  (Doc. 70.)

## DISCUSSION

In his Objections, Plaintiff essentially argues the following: (1) Defendant is not the prevailing party; (2) the Local Rules do not allow for the taxation of costs resulting from a grant of summary judgment; (3) because this action is based upon state law, Defendant is not entitled to costs unless provided for by statute, stipulation, or agreement; (4) Defendant, by waiting a year after the case was removed to file its MSJ, accrued unnecessary costs; and, (5) should Defendant be entitled to costs, the costs awarded should be apportioned relative to the claims Judge Seabright ruled upon in his order, as compared to those presented in the complaint.  (Doc. 70 at 2-4.)  The Court addresses Plaintiff's objections in turn.

I.      Prevailing Party

Rule 54(d)(1) states, in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Plaintiff objects to Defendant's request for costs, arguing that Defendant is not the prevailing party for purposes of Rule 54(d)(1).  (See Doc. 70 at 2-3.)

The Supreme Court has stated that the term "prevailing party" is a

legal term of art. See Buckhannon Bd. & Care Home, Inc. v. W. Vir. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). The Supreme Court noted that Black's Law Dictionary defines "prevailing party" as "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . .'" Id. (quoting Black's Law Dictionary 1145 (7th ed. 1999)) (alteration in original); see also Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (citation omitted). For purposes of awarding attorney's fees, the Supreme Court noted that a prevailing party is one who succeeds on any significant issue in the case and which achieves some of the benefit sought in the litigation. Farrar v. Hobby, 506 U.S. 103, 109 (1992) (citation omitted). The Ninth Circuit has applied this analysis to the determination of who is a "prevailing party" for purposes of Rule 54(d)(1). See Miles v. California, 320 F.3d 986, 989 (9th Cir. 2003).

In this case, Defendant seemingly succeeded on Plaintiff's claims of misconduct on the part of Defendant in the consummation of the loan transaction. Judge Seabright stated that "there is no basis to find that [Defendant] committed any fraudulent, unfair, or deceptive acts regarding the loan consummation." (Doc. 66 at 9.) Judge Seabright therefore granted Defendant's MSJ on Plaintiff's claims to the extent they allege misconduct by Defendant at the time of the loan consummation. (Id. at 10.)

Plaintiff, however, argues that as to his other claims--relating to misconduct by Defendant in pursuing nonjudicial foreclosure--Defendant did not prevail on these claims, because such claims were held to be moot based on the rescission of the Notice of Foreclosure. (See Doc. 70 at 2.) Although Judge Seabright concluded that Plaintiff's request for equitable relief is moot, Judge Seabright concluded that, as to damages, there was no genuine issue of material fact that Plaintiff suffered any damages as a result of the Notice of Foreclosure. (Doc. 66 at 11-15.) Judge Seabright noted that, among other things, there is no evidence that the Notice of Foreclosure thwarted any attempt by Plaintiff to sell the property, or that the Notice of Foreclosure caused any injury to his credit rating. (Id. at 12.) Judge Seabright thus concluded that summary judgment was appropriate to the extent Plaintiff's claims seek damages due to Defendant's alleged misconduct.

Based on the foregoing, the Court concludes that Defendant is the prevailing party. The Court, therefore, RECOMMENDS that this objection be DENIED.

II. Taxation of Costs Arising from an MSJ Order

Plaintiff argues that Defendant should not be entitled to costs because a "motion for summary judgment is not one specified in Local Rule 52(b)." (Id. at

2.) Assuming that Plaintiff is referring to Local Rule 54.2,[1] related to the taxation of costs, the Rule states, "The party entitled to costs shall be the prevailing party in whose favor judgment is entered, *or* shall be the party who prevails in connection with a motion listed in LR54.2(b)." LR54.2(a) (emphasis added). In this case, judgment was entered in favor of Defendant on February 25, 2011. (Doc. 67.) Additionally, this Court has granted prevailing parties taxable costs following judgments entered pursuant to summary judgment orders. See,e.g., J. Alexander Invs. v. Irons, No. 08-00420, 2011 WL 1099838 HG-BMK (D. Haw. Mar. 18, 2011); Kalai v. Dep't of Human Servs. Haw. Pub. Hous. Auth., No. 06-00422 JMS-LEK, 2009 WL 2224428 (D. Haw. July 23, 2009). Based on the foregoing, the Court RECOMMENDS that this objection be DENIED.

III.   Taxation of Costs Under State Law

Plaintiff argues that because this action is based upon state law, Defendant is not entitled to costs unless provided for by statute, stipulation, or agreement. (Doc. 70 at 3 (citation omitted).) Plaintiff's argument confuses an award of ***attorney's fees and related non-taxable expenses***--which is governed by state statute when a federal court is sitting in diversity--with an award of ***taxable costs***--which is governed by the Federal Rules of Civil Procedure. In Champion

---

[1] The Court notes that there is no Local Rule 52(b).

Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003), the Ninth Circuit noted, "An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." Because here, Defendant seeks an award of taxable costs, Rule 54(d) applies. Accordingly, the Court RECOMMENDS that this objection be DENIED.

IV. Unnecessary Costs

Plaintiff argues that Defendant could have moved for summary judgment earlier in the litigation without incurring significant costs in the case. (Doc. 70 at 2-3.) Plaintiff argues because Defendant failed to limit its costs, it is not entitled to recovery. (Id.) Plaintiff, however, cites to no legal authority in support of this proposition. See Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (noting that it is incumbent upon the non-prevailing party to demonstrate why costs should be denied). Furthermore, after reviewing the docket, it does not appear that Defendant delayed adjudication of this action. The Court, therefore, RECOMMENDS that this objection be DENIED.

V. Partial Success

Lastly, Plaintiff argues that should Defendant be deemed the prevailing party, the taxable costs awarded should be apportioned relative to the claims Judge Seabright ruled upon in his order, as compared to those presented in

9

the complaint. (Doc. 70 at 2-3.) This Court has noted that there is no rule requiring courts to apportion taxable costs based upon the relative success of the parties. Kalai, 2009 WL 2224428, at *8 (citing Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1348 (Fed. Cir. 2006)). "In fact, apportioning costs according to the relative success of the parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained." Id. (quoting Kemin Foods, L.C., 464 F.3d at 1348) (quotation marks omitted). Because this is not the situation here, the Court RECOMMENDS that this objection be DENIED.

## CONCLUSION

For the reasons set forth above, the Court FINDS and RECOMMENDS that Defendant's Bill of Costs be GRANTED. The Court RECOMMENDS that $2,343.95 in costs be taxed in favor of Defendant and against Plaintiff.

IT IS SO FOUND AND RECOMMENDED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Daryl Shizun Sakugawa v. Mortgage Electronic Registration Systems, Inc.; Civ. No. 10-00028 JMS-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANT'S BILL OF COSTS BE GRANTED.